1

FILED

APR 25 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western ~~EASTERN~~ DIVISION
SMW
CASE NO. 5:25-CV-00217-FL

| | |
|---|---|
| REGINA SUZANNE HARMON and STETSON MANSFIELD WEBSTER,<br><br>PLAINTIFFS,<br><br>v.<br><br>TOWN OF WENDELL, MARVIN "MARC" COLLINS, in his individual and official capacity as Town Manager, GARRETT JOHNSON, in his individual and official capacity as Finance Director, MARY BETH TEW, in her individual and official capacity as Town Clerk, VIRGINIA GRAY, in her individual and official capacity as Mayor, JASON JOYNER, in his individual and official capacity as Commissioner, BRAXTON HONEYCUTT, in his individual and official capacity as Commissioner, JOHN "DEANS" EATMAN, in his individual and official capacity as Commissioner, JOSEPH "JOE" DELOACH, in his individual and official capacity as Commissioner, JONATHAN M. LUTZ, in his individual and official capacity as Commissioner,<br><br>DEFENDANTS. | COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF PURSUANT TO 42 U.S.C. §§ 1983, 198, 1986 AND THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION |

## INTRODUCTION

This action is brought under 42 U.S.C. §§ 1983, 1985, 1986 to remedy structural due process violations arising from the Town of Wendell's longstanding failure to ensure that its elected and appointed officials were lawfully bonded and sworn into office as required by North Carolina law and the U.S. Constitution. Plaintiffs seek declaratory and injunctive relief, as well as

Harmon and Webster v. Town of Wendell, at al.                                    Complaint

compensatory and punitive damages, against municipal and individual defendants who knowingly governed while unqualified and without proper public safeguards.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a) because this case arises under the Constitution and laws of the United States.

2. Declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) as the events giving rise to these claims occurred in Wake County, North Carolina, within this District.

4. Plaintiffs intend to serve discovery following the Rule 26(f) conference of the parties as required under the Federal Rules of Civil Procedure. Plaintiffs reserve the right to seek leave of Court under Rule 26(d)(1) for expedited discovery where necessary to prevent the loss of evidence, address imminent harm to residents, and preserve public records.

## PARTIES

1. Plaintiff REGINA SUZANNE HARMON is a resident of Wendell, North Carolina.

2. Plaintiff STETSON MANSFIELD WEBSTER is a resident of Wendell, North Carolina.

3. Defendant TOWN OF WENDELL is a municipal corporation operating under North Carolina law.

4. Defendant MARVIN "MARC" COLLINS is the Town Manager of Wendell.

5. Defendant GARRETT JOHNSON is the Finance Director for the Town of Wendell.

6. Defendant MARY BETH TEW is the Town Clerk.

7. Defendant VIRGINIA GRAY has served as an elected member of the Wendell Town Board of Commissioners and currently serves as Mayor of the Town of Wendell. Defendants JASON JOYNER, BRAXTON HONEYCUTT, JOHN "DEANS"

Harmon and Webster v. Town of Wendell, at al.                    Complaint

Case 5:25-cv-00217-FL    Document 1    Filed 04/25/25    Page 2 of 13

EATMAN, JOSEPH "JOE" DELOACH, and JONATHAN M. LUTZ are or have been elected members of the Wendell Town Board of Commissioners.

8. Plaintiffs reserve the right to amend this Complaint to add additional individual or institutional defendants should discovery reveal evidence of unlawful coordination, dereliction of duty, or post-office conflicts of interest that contributed to the constitutional injuries described herein.

## RELEVANT STATUTES AND REGULATORY AUTHORITIES

The following statutes are incorporated by reference and cited as the legal foundation for the claims asserted in this Complaint:

- N.C. Gen. Stat. § 58-72-1: Provides that irregularities in the execution or condition of an official bond shall not invalidate the bond's enforceability.

- N.C. Gen. Stat. § 58-72-10: Specifies the condition and terms of official bonds required of public officers.

- N.C. Gen. Stat. § 58-72-20: Requires that the amount of official bonds be fixed by the governing body and filed appropriately.

- N.C. Gen. Stat. § 58-72-25: Establishes the requirement that public official bonds must be filed in a central depository.

- N.C. Gen. Stat. § 58-72-60: Addresses the continuation of liability on official bonds during holdover terms in office.

- N.C. Gen. Stat. § 58-72-65: Ensures liability continues on bonds during any vacancy in the office until a successor qualifies.

- N.C. Gen. Stat. § 58-72-70: Prohibits a person required to approve an official bond from also serving as surety on that bond.

Harmon and Webster v. Town of Wendell, at al.                                    Complaint

Case 5:25-cv-00217-FL    Document 1    Filed 04/25/25    Page 3 of 13

- <u>N.C. Gen. Stat. § 58-73-1</u>: Allows public officers to use surety companies as bond guarantors subject to regulation.

- <u>N.C. Gen. Stat. § 58-73-5</u>: Authorizes surety corporations to serve as sufficient sureties on public official bonds.

- <u>N.C. Gen. Stat. § 58-73-30</u>: Requires presentation of a proper bond as a prerequisite to lawful induction into office.

- <u>N.C. Gen. Stat. § 14-229</u>: Makes it a criminal offense to act as a public officer before qualifying legally.

- <u>N.C. Gen. Stat. § 160A-480.8</u>: Establishes bonding requirements under municipal risk management programs.

- <u>Email to Marc Town Manger- date January 29, 2025</u>. Asking for copies of the individual Bonds based on NC G.S. 58-72-10 and the Fidelity bonds section (c) he passes to Garret to look into.

**RELEVANT FEDERAL AND STATE CASE LAW AUTHORITIES**

The following decisions are cited in support of Plaintiffs' claims under 42 U.S.C. §§ 1983, 1985, and 1986 and establish the legal framework for municipal liability, due process violations, and unauthorized acts by unqualified officials:

- *Monell v. Department of Social Services*, 436 U.S. 658 (1978)
  (Municipalities liable for constitutional violations resulting from policies or customs)

- *City of Canton v. Harris*, 489 U.S. 378 (1989)
  (Liability attaches for failure to train/supervise with deliberate indifference)

- *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)
  (A single decision by a policymaker can create Monell liability)

Harmon and Webster v. Town of Wendell, at al.                    Complaint

- *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397 (1997)
  (Deliberate indifference is required for causation under Monell)

- *Owens v. Baltimore City State's Attorney's Office,* 767 F.3d 379 (4th Cir. 2014)
  (Patterns of misconduct and failure to investigate support Monell liability)

- *Scheuer v. Rhodes*, 416 U.S. 232 (1974)
  (Officials remain liable in their individual capacity for acts taken under color of law, even after leaving office)

- *Hafer v. Melo*, 502 U.S. 21 (1991)
  (§ 1983 suits may be brought against officials in their individual capacities for violations committed while in office)

- *Exxon Mobil Corp. v. Saudi Basic Industries*, 544 U.S. 280 (2005)
  (Clarifies that federal courts have jurisdiction over independent constitutional claims)

- *Neitzke v. Williams*, 490 U.S. 319 (1989)
  (A claim is not dismissible under Rule 12 merely because the court doubts a plaintiff will prevail)

- *State v. Hord*, 264 N.C. 149 (1965)
  (Officials must strictly comply with oath and qualification statutes to hold public office)

- *State v. Thomas*, 141 N.C. App. 256 (2000)
  (Acts by individuals who have not lawfully qualified for office may be deemed void)

- *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)
  (retaliation for protected activity is actionable under § 1983).

## FACTUAL ALLEGATIONS

1. On April 9, 2025, Plaintiffs Regina Suzanne Harmon and Stetson Mansfield Webster sent a formal written demand via certified mail to Town Manager Marvin "Marc" Collins,

Harmon and Webster v. Town of Wendell, at al.          Complaint

Case 5:25-cv-00217-FL    Document 1    Filed 04/25/25    Page 5 of 13

pursuant to the North Carolina Public Records Act (N.C. Gen. Stat. § 132-1 et seq.) and applicable bonding and oath statutes, requesting certified copies of public official surety bonds and executed oaths of office for all elected and appointed officials of the Town of Wendell. The demand letter identified the applicable statutes, including N.C. Gen. Stat. §§ 11-1 through 11-9, 11-7.7, 14-229, 128-5, 159-29, 160A-59, 160A-61, and 160A-68, and required production of such records within three (3) business days. The demand was delivered and signed for on April 14, 2025.

2. No legally sufficient response was made within the statutory time period. Instead, on April 22, 2025, **eight days after receipt**, Plaintiffs received a vague and non-committal email from Town Manager Collins stating only: *"I am in receipt of the request for public information. A response will be provided after reviewing."* No timeline for production was offered, no statutory authority was cited for delay, and no documents were provided.

3. This refusal to timely comply with mandatory statutory obligations, despite acknowledged receipt and clear statutory command, constitutes **willful noncompliance** and is further evidence of a municipal custom or policy of deliberate indifference to state law and federal constitutional rights, giving rise to Monell liability under 42 U.S.C. § 1983.

4. North Carolina law mandates that all elected municipal officials must execute a bond and take an oath of office before assuming any official duties.

5. The Wendell Town Code, specifically § 15.19, requires compliance with state law in the adoption of zoning ordinances and mandates consistency with a Comprehensive Plan.

6. The Town previously failed to produce the requested documents and responded, through Finance Director Garrett Johnson, that legal counsel determined individual bonds were not required.

7. This refusal to comply with mandatory bonding and oath requirements violates both North Carolina law and federal due process rights.

Harmon and Webster v. Town of Wendell, at al.                                        Complaint

Case 5:25-cv-00217-FL    Document 1    Filed 04/25/25    Page 6 of 13

8. Upon information and belief, various officials acted in their public capacity for extended periods without executing individual bonds or lawful oaths, thereby lacking legal authority.

9. While unqualified, these officials voted to adopt and implement Blueprint Wendell 2030, a sweeping Comprehensive Plan affecting land use, zoning, infrastructure, and economic development, and made changes to the UDO (Unified Development Ordinance).

10. The Comprehensive Plan, adopted during the COVID period, was passed without qualified officials and under conditions lacking proper public input.

11. The Plan has resulted in development approvals and zoning changes inconsistent with its own stated place types, causing public harm.

12. Defendants' failure to execute required oaths and bonds, despite notice and demand, is willful and constitutes a pattern of systemic constitutional violations.

13. While unlawfully seated and without executing the statutory bonding and oath requirements under applicable state statutes, including but not limited to N.C. Gen. Stat. §§ 11-7.1, 58-72-10, and 160A-59, multiple members of the Wendell Board of Commissioners participated in official votes involving substantial financial and fiscal matters, including appropriations, budget resolutions, infrastructure planning, and tax policy. These include votes that directly affected public revenue and private property burdens, including increases in the property tax rate, reallocation of infrastructure spending, and approval of developer-linked zoning amendments.

14. Notably, during the 2024 general election, the Board of Commissioners approved a ballot-eligible bond referendum totaling $50 million in infrastructure-related public debt. This referendum, which was presented to and voted on by the public, was authorized by commissioners who were not in legal compliance with the public official bonding statutes. Plaintiffs allege that this referendum represents a direct constitutional injury because it was the product of unauthorized fiscal action taken by officials unlawfully exercising public power under color of law.

Harmon and Webster v. Town of Wendell, at al.                           Complaint

15. These actions constitute ultra vires acts, taken in excess of authority, and expose the Town of Wendell to financial liability, constitutional challenge, and possible invalidation of decisions tainted by unlawful participation.

16. Upon information and belief, the Town of Wendell, while governed by officials who had not executed lawful oaths or individual surety bonds as required by state law, engaged in unlawful interference with private property. In at least one instance, a resident who attempted to implement mitigation measures to prevent flooding caused by Town-authorized development projects had such infrastructure removed by the Town without due process, followed by the placement of a fine on the property.

17. This act occurred during a period in which the officials voting on planning and enforcement decisions were unlawfully seated, thus rendering the municipal action void or ultra vires. The imposition of financial penalties and fines upon residents under color of law, while lacking legal authority to govern, constitutes a deprivation of property without due process, in violation of the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.

**CLAIMS FOR RELIEF**

Count I – Violation of Procedural Due Process (42 U.S.C. § 1983)

1. Plaintiffs reallege all preceding paragraphs.

2. Defendants, acting under color of state law, deprived Plaintiffs of their federal constitutional rights under the Fourteenth Amendment by governing without meeting the legal preconditions of office, specifically by failing to execute statutorily required oaths and surety bonds.

3. Plaintiffs suffered harm as a result of being subjected to official actions, policies, and decisions enacted by individuals who were not lawfully qualified to hold public office, including the adoption and enforcement of the Blueprint Wendell 2030 Comprehensive Plan.

Harmon and Webster v. Town of Wendell, at al.                                     Complaint

4. These actions were willful, systemic, and continue to cause ongoing legal and material injury.

## Count II – Monell Liability Against the Town of Wendell

1. Plaintiffs reallege all preceding paragraphs.

2. Defendant TOWN OF WENDELL is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny, for adopting and maintaining an unconstitutional policy or custom that allowed elected and appointed officials to exercise governmental authority while unqualified under state law.

3. Through deliberate inaction and official practice, the Town failed to enforce the statutory requirements, including but not limited to N.C. Gen. Stat. §§ 160A-59, 128-5, and 58-72-10. These failures constituted a longstanding pattern of deliberate indifference to constitutional rights, as articulated in *City of Canton v. Harris*, 489 U.S. 378 (1989), and *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014).

4. This custom was the moving force behind Plaintiffs' injuries. The actions taken by unqualified officials—including the adoption of the Blueprint Wendell 2030 Plan and its unlawful zoning consequences—were official acts of policy by those with final authority, within the meaning of *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

5. Accordingly, Defendant TOWN OF WENDELL is liable for constitutional violations under 42 U.S.C. § 1983 and must be held accountable for its unconstitutional policies and customs.

## Count III – Declaratory and Injunctive Relief

1. Plaintiffs reallege all preceding paragraphs.

2. Plaintiffs seek a declaratory judgment that the Defendants' failure to execute required oaths and surety bonds renders their public actions void or voidable and violates state and federal law.

Harmon and Webster v. Town of Wendell, at al.                                    Complaint

3. Plaintiffs further seek preliminary and permanent injunctive relief prohibiting Defendants from enforcing or expanding any element of the Blueprint Wendell 2030 Comprehensive Plan until a full constitutional review of the Town's qualification compliance is completed.

Count V – Threatened and Retaliatory Municipal Conduct (42 U.S.C. § 1983)

Plaintiffs allege that Defendants have demonstrated a pattern of retaliatory and punitive conduct against residents who seek to enforce their rights or expose noncompliance with state and federal law. Upon information and belief, such retaliation includes, but is not limited to, the removal of private flood mitigation infrastructure, the imposition of punitive fines, and selective or exaggerated enforcement of ordinances. These acts are designed to chill constitutionally protected activity and punish Plaintiffs and others for engaging in protected speech, petitioning, or public participation.

Such conduct violates the First and Fourteenth Amendments to the United States Constitution and is actionable under 42 U.S.C. § 1983. Defendants' actions demonstrate deliberate indifference and a custom of retaliatory municipal abuse, subjecting residents to undue hardship for asserting their legal rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that Defendants violated Plaintiffs' constitutional rights;

2. Enjoin Defendants from enforcing the Comprehensive Plan adopted while unqualified;

3. Enjoin further governance by any official who has not executed and filed proper oaths and bonds;

4. Award compensatory damages in excess of $25,000,000;

5. Award punitive damages against individual defendants for willful misconduct;

Harmon and Webster v. Town of Wendell, at al.                                    Complaint

6. Award reasonable attorneys' fees under 42 U.S.C. § 1988;

7. Order that all current and future elected or appointed officials of the Town of Wendell shall, prior to assuming or resuming any official duties, execute and file a sworn affidavit under penalty of perjury:

    a. Attesting to the absence of any personal or financial conflict of interest with respect to all land use, zoning, infrastructure, or economic development decisions made while in office;

    b. Disclosing any direct or indirect compensation, gifts, ownership interests, familial relationships, or personal benefit received from any development project, contractor, or land-use applicant during their term of service;

    c. Acknowledging that any false statement may subject the affiant to penalties under 18 U.S.C. § 1001 and N.C. Gen. Stat. §§ 14-230 and 14-234, and that any false or incomplete disclosure shall constitute grounds for disqualification, forfeiture of office, and potential referral for federal and state enforcement action.

    Plaintiffs further request that these certifications be made publicly available pursuant to N.C. Gen. Stat. § 132-1 et seq.

8. Declare that any after-the-fact bonding or oath compliance executed after legal notice shall not retroactively validate or legalize any prior act or vote taken by an unqualified official, and that such acts are void ab initio and subject to full judicial review and reversal.

9. Declare that all municipal fines issued by the Town of Wendell against residents who attempted private mitigation of flooding or stormwater damage caused by Town-approved development—during periods when officials lacked valid bonds or oaths—are null, void, and unconstitutional;

Harmon and Webster v. Town of Wendell, at al.                                        Complaint

10. Enjoin the Town of Wendell from enforcing, collecting, or initiating foreclosure or other punitive action based on such fines until lawful review of their validity and the underlying official conduct has occurred;

11. Order the Town to cancel, discharge, and publicly document the removal of all such fines issued since January 1, 2018, and to notify affected property owners within thirty (30) days of such cancellation;

12. Award Plaintiffs and other affected parties compensatory damages for economic injury, emotional distress, and constitutional deprivations resulting from wrongful fine enforcement;

13. Enjoin the Town from imposing any further fines, penalty, or punitive action related to stormwater or flood control infrastructure that residents were forced to implement due to municipal failure to provide safe infrastructure;

14. Appoint a neutral Special Master or Infrastructure Oversight Coordinator to conduct an independent review of all land use, zoning, infrastructure, and stormwater-related decisions enacted since 2020 by officials found to be unqualified under North Carolina law, and to recommend remedial measures including but not limited to permit suspension, enforcement correction, and resident relief;

15. Authorize the Special Master to coordinate with qualified engineering experts, impacted property owners, and public stakeholders to identify high-risk zones, structural flooding threats, and unlawful permit approvals, and to produce a written report to this Court within ninety (90) days;

16. Authorize the Special Master to solicit confidential or public grievance submissions from residents affected by development-related flooding, drainage failures, or property devaluation due to negligent approvals;

17. Enjoin Defendants from engaging in any future form of retaliatory conduct against Plaintiffs or similarly situated residents who oppose or expose unlawful municipal

Harmon and Webster v. Town of Wendell, at al.                                        Complaint

Case 5:25-cv-00217-FL    Document 1    Filed 04/25/25    Page 12 of 13

actions, including but not limited to: obstruction of public record access; selective or exaggerated enforcement of zoning or code provisions; new or additional fine placement; removal of private mitigation efforts; or harassment or intimidation in any form; and

18. Grant such other and further relief as this Court deems just and proper.

This the 25th day of April 2025.

Respectfully submitted,

Regina Suzanne Harmon
*Plaintiff, Pro Se*
6616 Tells Branch
Wendell, NC 27591
(919) 219-7115
reginattc@bellsouth.net

Stetson Mansfield Webster
*Plaintiff, Pro Se*
317 Stone Arbor Way
Wendell, NC 27591
(919) 250-0052
stetson@stetsonwebster.com

Harmon and Webster v. Town of Wendell, at al.                    Complaint