IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-217-FL

| | |
|---|---|
| REGINA SUZANNE HARMON and STETSON MANSFIELD WEBSTER,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF WENDELL; MARVIN "MARC" COLLINS, in his individual and official capacity as Town Manager; GARRETT JOHNSON, in his individual and official capacity as Finance Director, MARY BETH TEW, in her individual and official capacity as Town Clerk; VIRGINIA GRAY, in her individual and official capacity as Mayor; JASON JOYNER, in his individual and official capacity as Commissioner; BRAXTON HONEYCUTT, in his individual and official capacity as Commissioner; JOHN "DEANS" EATMAN, in his individual and official capacity as Commissioner; JOSEPH "JOE" DELOACH, in his individual and official capacity as Commissioner; and JONATHAN M. LUTZ, in his individual and official capacity as Commissioner,<br><br>Defendants. | ORDER |

This matter is before the court on plaintiffs' motion for temporary restraining order. For the following reasons, the court denies that motion.

**BACKGROUND**

Plaintiffs, proceeding pro se, filed this suit April 25, 2025, under 42 U.S.C. §§ 1983, 1985,

and 1986, seeking declaratory, injunctive, and monetary relief against defendant Town of Wendell, as well as its town manager, finance director, and commissioners.  Plaintiffs' complaint, which is not verified,[1] alleges defendants failed to execute fidelity bonds and oaths before taking public office.  Therefore, according to plaintiffs, defendants' subsequent adoption and implementation of a comprehensive plan affecting zoning and development was an unlawful interference with private property.

The instant motion asks the court to enjoin defendants from 1) issuing or acting upon permits that alter natural drainage, 2) governing, 3) enforcing development approvals, 4) issuing or enforcing fines related to stormwater mitigation, and 5) engaging in retaliation.  Plaintiffs also request the court pause "all development," order defendant Town of Wendell to produce an accounting of ten years of fines, appoint a "Special Master or Infrastructure Oversight Coordinator," order current and future town officials to execute affidavits, and allow plaintiffs leave under Fed. R. Civ. P. 26(d)(1) to seek discovery prior to Rule 26(f) conference.  (DE 8 at 7).

## DISCUSSION

A plaintiff seeking a temporary restraining order must set forth "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  In addition, a plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer

---

[1] Although in their notice of emergency filing plaintiffs describe their complaint as "verified," it does not in fact include any verification.  (See Compl. (DE 1) at 1-13).  In contrast, the instant motion is verified.  (See Mot. (DE 8) at 10).  Plaintiffs also filed with their complaint an "affidavit of nonresponse" asserting that they delivered a "legal demand letter" to town officials and employees, and received a confirmation of receipt but no response by the Town of Wendell.  (DE 1-1 at 1-2).

2

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Issuance of a temporary restraining order is "extraordinary" and never awarded as of right. Id. at 24. This form of relief requires a showing of irreparable harm. League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 236 (4th Cir. 2014).

In this case, plaintiffs have not satisfied the requirements for obtaining a temporary restraining order. Although verified, their motion does not set out specific facts clearly showing that irreparable injury will result before the adverse parties can be heard in opposition. In particular, plaintiffs' motion does not indicate any risk of injury to plaintiffs themselves. Plaintiffs argue that "[u]nchecked development is now causing widespread flooding of long-established residential properties, particularly in low-lying areas that were previously protected." (Mot. (DE 8) at 3). However, there is no indication that plaintiffs own any of the affected properties or are otherwise impacted by flooding, much less that such flooding is imminent absent court order prior to appearance by defendants.

Furthermore, plaintiffs have not established that they are likely to succeed on the merits or that the balance of equities tips in their favor because "failure to take an oath of office, while it might subject one exercising the duties of the office to a penalty, would not deprive his acts of the validity given those of de facto officers performing the duties of a de jure office." Vance S. Harrington & Co. v. Renner, 236 N.C. 321, 327 (1952) (citing N.C. Gen Stat § 128-5).

3

## CONCLUSION

Based on the foregoing, plaintiffs' motion for temporary restraining order (DE 8) is DENIED.

SO ORDERED, this the 1st day of May, 2025.

                                                                     LOUISE W. FLANAGAN
                                                                      United States District Judge