IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-217-FL

| | | |
|---|---|---|
| REGINA SUZANNE HARMON, STETSON MANSFIELD WEBSTER, and WENDELL CITIZENS FOR GOVERNMENT ACCOUNTABILITY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| TOWN OF WENDELL; MARVIN "MARC" COLLINS, in his individual and official capacity as Town Manager; GARRETT JOHNSON, in his individual and official capacity as Finance Director, MARY BETH TEW, in her individual and official capacity as Town Clerk; VIRGINIA GRAY, in her individual and official capacity as Mayor; JASON JOYNER, in his individual and official capacity as Commissioner; BRAXTON HONEYCUTT, in his individual and official capacity as Commissioner; JOHN "DEANS" EATMAN, in his individual and official capacity as Commissioner; JOSEPH "JOE" DELOACH, in his individual and official capacity as Commissioner; and JONATHAN M. LUTZ, in his individual and official capacity as Commissioner, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter, subject of amended complaint filed May 15, 2025, is before the court on

plaintiffs' second motion for temporary restraining order pursuant to Federal Rule of Civil

Procedure 65. (DE 26).  Also before the court is plaintiffs' filing captioned "Motion to Sever

Plaintiff Wendell Citizens for Government Accountability," wherein pro se plaintiffs Regina Suzanne Harmon and Stetson Mansfield seek now to dismiss that newly added entity. (DE 27).

The latter motion, premised on Federal Rule of Civil Procedure 21, but more appropriately a notice made pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), where no answer or summary judgment motion has been served, is effective without court order. Accordingly, Wendell Citizens for Government Accountability is dismissed without prejudice.

Plaintiffs' first motion for temporary restraining order sought to enjoin defendants from issuing certain permits or fines, governing, enforcing development approvals, or engaging in retaliation. Plaintiffs also requested the court pause development, order production of an accounting of ten years of fines, appoint a special master, order execution of affidavits, and allow early discovery motions. The court denied this motion May 1, 2025, noting that plaintiffs had not shown a risk of irreparable injury prior to hearing from defendants or established that plaintiffs are likely to succeed on the merits. (DE 19 at 2).

In the instant motion filed May 23, 2025, again combined with one seeking a preliminary injunction (without separate supporting memorandum), plaintiffs ask the court to enjoin defendants from "issuing permits, approving rezonings, or modifying infrastructure unless and until each official complies with N.C. Gen. Stat. §§ 58-72-10, 58-72-20, 28-72-15, and 58-73-1" and to grant plaintiffs leave to initiate expedited discovery regarding bonding records. (2nd Mot. (DE 26) at 4-5). Plaintiffs' offering in support of their second request for temporary restraining order is not so different, as defendants note in response filed May 27, 2025 (DE 28), as to cause this court to change course. Again, plaintiffs' request is DENIED.

If plaintiffs seek to promote need in advancing their motion for preliminary injunction, for expedited discovery, they shall state their reasons in supporting memorandum to be filed on or

before **June 9, 2025**. Defendants shall have **14 days** from date of plaintiffs' filing of any supporting memorandum, or, in the absence of same, from June 9, 2025, within which to respond to motion for preliminary injunction. And plaintiffs shall have **14 days** from filing of defendants' response within which to make any reply. Thereafter the court will take up and decide plaintiffs' motion for preliminary injunction.

SO ORDERED, this the 28th day of May, 2025.

LOUISE W. FLANAGAN
United States District Judge