IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-217-FL

| | | |
|---|---|---|
| REGINA SUZANNE HARMON and STETSON MANSFIELD WEBSTER, <br><br> Plaintiffs,[1] <br><br> v. <br><br> TOWN OF WENDELL; MARVIN "MARC" COLLINS, in his individual and official capacity as Town Manager; GARRETT JOHNSON, in his individual and official capacity as Finance Director; MARY BETH TEW, in her individual and official capacity as Town Clerk; VIRGINIA GRAY, in her individual and official capacity as Mayor; JASON JOYNER, in his individual and official capacity as Commissioner; BRAXTON HONEYCUTT, in his individual and official capacity as Commissioner; JOHN "DEANS" EATMAN, in his individual and official capacity as Commissioner; JOSEPH "JOE" DELOACH, in his individual and official capacity as Commissioner; and JONATHAN M. LUTZ, in his individual and official capacity as Commissioner, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

This matter is before the court on filing made in which plaintiffs seek an order authorizing commencement of discovery (DE 39)[2] and defendants' motions to stay discovery (DE 40) and for

---

[1] The court constructively amends the caption of this order to reflect dismissal of plaintiff Wendell Citizens for Government Accountability.

[2] Plaintiffs' filing also includes response to defendants' motion to dismiss (DE 36), which motion recently ripened. The court will take up the motion to dismiss in separate order.

protective order (DE 44).

## BACKGROUND

The court twice has denied plaintiffs' motions for temporary restraining orders, noting that it would take up separately plaintiffs' motion for preliminary injunction with the benefit of briefing from all parties. In order entered May 28, 2025, the court directed that "[i]f plaintiffs seek to promote need in advancing their motion for preliminary injunction, for expedited discovery, they shall state their reasons in supporting memorandum to be filed on or before June 9, 2025." (DE 29 at 2-3 (emphasis omitted)). Without addressing a need for early discovery, plaintiffs filed June 9, 2025, memorandum in support of preliminary injunction. Defendants responded, and plaintiffs replied.

In the meantime, defendants filed June 27, 2025, motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. Plaintiffs' response to motion to dismiss, filed July 14, 2025, includes the instant request, which the court construes as a motion for limited discovery. Subsequently, defendants filed the instant motion to stay discovery July 29, 2025, to which plaintiffs responded July 31, 2025. Plaintiffs also filed August 7, 2025, "opposition to any motion for extension of time to respond to discovery," wherein they argue defendants must respond within 30 days to discovery requests plaintiffs purport to have served. Defendants followed with motion for protective order August 13, 2025, seeking to be excused temporarily from responding to plaintiffs' discovery requests.

## COURT'S DISCUSSION

"[C]ourts have inherent power to stay proceedings and to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Stone v. I.N.S., 514 U.S. 386, 411 (1995) (quotation omitted). Where defendants' motion to dismiss has the potential to terminate this action in its entirety and discovery does not appear

necessary to resolution of any pending motion, the balance of factors here weighs in favor of a stay of discovery.[3]

Plaintiffs' argument does not change this conclusion. They assert discovery of certain records and communications is necessary because such "evidence is under Defendants' exclusive control," and "[w]ithout it, Plaintiffs cannot verify the legal status of the Defendants' offices." (Pls' Mot. Disc. (DE 39) at 4). Although it is clear plaintiffs believe the documents they seek are necessary to prove their claims, they have not demonstrated that immediate discovery of such documents would aid in resolution of plaintiffs' motion for preliminary injunction or defendants' motion to dismiss. Thus, a stay of discovery is warranted for the "economy of time and effort" of all parties. Stone, 514 U.S. at 411.

Accordingly, plaintiffs' motion for discovery (DE 39) is DENIED, and defendants' motion to stay discovery (DE 40) is GRANTED. Discovery is STAYED pending resolution of motions for preliminary injunction (DE 26) and to dismiss (DE 36). Defendants' motion for protective order (DE 44) necessarily is TERMINATED AS MOOT.

SO ORDERED, this the 14th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] Although plaintiffs contend discovery has begun because "[t]he parties have conferred under Rule 26(f) via written correspondence," (Pls' Opp. Extens. (DE 43) at 3), no discovery plan has been filed in accordance with Rule 26(f)(2), (3).